MEDINA LAW FIRM LLC
641 Lexington Avenue
Thirteenth Floor
New York, NY 10022
Tel. (212) 404-1742
Fax. (888) 833-9534
*Proposed Attorneys to JCV Group, LLC.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JCV GROUP, LLC,<br><br>Debtor-in-Possession | Case No. 19-13563-mg<br><br>Chapter 11 |

**DEBTOR'S APPLICATION PURSUANT TO 11 U.S.C.**
**§§ 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND FED. R.**
**BANKR. P. 2014 (a) AND 2016(b) FOR AUTHORIZATION TO RETAIN**
**AND EMPLOY MEDINA LAW FIRM LLC AS ATTORNEYS FOR THE**
**DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

JCV Group LLC, ("Debtor" or "JCV"), by and through its proposed attorneys, MEDINA LAW FIRM LLC, hereby moves the Court for the entry of an order: (a) authorizing the retention and employment of MEDINA LAW LLC (the "Firm") pursuant to sections 327(a) and 328(a) of title 11, United States Code, section 101 *et seq.* (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 2014-1 of the United States Bankruptcy Code for the Southern District of New York (the "Local Rules") authorizing the Debtor to retain and employ the Firm, *nunc pro tunc*, to the Petition Date (this "Application"). In support of the Application, the Debtor respectfully represents as follows:

### I.    INTRODUCTION AND JURISDICTION

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A), and (M) and (O).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

{00076033 3 }

## II.     BACKGROUND

1. On November 6, 2019 (the "Petition Date"), the Debtor initiated a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is authorized to operate its business and manage its affairs as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in its case.

2. The Debtor designs and manufactures licensed wholesale baby and pet products that it sells domestically and internationally. JCV was established in and is based in New York City, operating from its offices and showroom at 65 West 37th Street, Suite 300, New York, New York. The relevant factual information concerning the Debtor's operations and the events and circumstances leading to the Petition Date are set forth in the Declaration of David Maleh made pursuant to Local Bankruptcy Rule 1007-2 [Docket Entry No. 4] (the "Maleh Decl."), which is incorporated herein by reference.

## III.     RELIEF REQUESTED AND BASIS THEREFOR

3. By this Application, the Debtor seeks Court approval, pursuant to sections 327(a) and 328(a) of the Bankruptcy code, to retain and employ the Firm as its attorneys in connection with the commencement, prosecution, and anticipated restructuring in this chapter 11 case, *nunc pro tunc* to the Petition Date. The Debtor requests that the Court approve the retention of the Firm under a general retainer, as its attorneys, to perform the extensive legal services that will be required during this chapter 11 case, in accordance with the Firm's normal hourly rates in effect when services are rendered and with the Firm's normal reimbursement policies.

4. Pursuant to section 327(a) of the Bankruptcy Code, the Debtor, as a debtor-in-possession it is "authorized to employ professional persons to represent or assist the [the debtor in possession] in carrying out [its] duties under this title." *See* 11 U.S.C. § 327(a). Furthermore, section 1107(b) of the Bankruptcy Code modifies section 101(14) and 327(a) of the Bankruptcy

{00076033 3 }    2

Code in cases commenced under chapter 11 providing that "a person is not disqualified for employment under section 327(a) of the Bankruptcy Code by a debtor-in-possession solely because of such person's employment or representation of the debtor before the commencement of the case." *See* 11 U.S.C. §1107(b).  As required by Bankruptcy Rule 2014(a) and Local Rule 2014-1, this Motion and the accompanying declaration set forth: (a) the specific facts showing the necessity for the Firm's employment; (b) the reasons for the Debtor's selection of the Firm as its restructuring counsel in connection with this chapter 11 case; (c) the professional services to be provided by the Firm; (d) the arrangement for compensation between the Debtor and the Firm both prior to and after the commencement of the Debtor's bankruptcy case (and the reasonableness thereof); and (e) to the best of the Debtor's and the Firm's knowledge the extent of any connection, if any, to parties in interest or the United States Trustee in this case.

5.    The Debtor seeks to employ the Firm *nunc pro tunc* to the Petition Date since the Firm has rendered extensive services to the Debtor before and after the Petition Date but prior to its application for retention.  Indeed, courts have held generally that where equitable concerns weigh in favor of granting retroactive approval to enable deserving professionals to recover compensation for work actually done, that there is nothing in the statute that denies the bankruptcy court the power to grant such retroactive approval. *See In re Motors Liquidation Co*., 438 B.R. 365, 375 (Bankr. S.D.N.Y. 2011) (*citing In re Arkansas Co*., 798 F.2d 645, 649 (3d Cir. N.J. 1986).  In the instant matter, the impediment which occasioned the Firm's delay to file its motion for retention was occasioned by a number of meetings with the Debtor's principals and negotiations with interested parties including utilities providers.

6.    The Debtor selected the Firm as its attorneys because of the Firm's knowledge of the Debtor's business and financial affairs, its experience and knowledge in the area debtor's

{00076033 3 }    3

protections and creditors' rights in business reorganizations, including specifically small and midsize business under chapter 11 of the Bankruptcy Code, and its experience in the areas of intellectual property licensing and protections in particular regard to the garment and home furnishing industries. The Firm's attorneys have been involved in numerous significant bankruptcy engagements in this and other districts across the United States, including but not limited to *In re BH S&B Holdings LLC*, *In re Menotti Enterprise, LLC*, *In re M. Fabrikant & Sons, Inc. et al.*, *In re Hayden-Harnett LLC*, *In re Mayo Inc*, *In re Picco Inc. et al.*, *In re Symphony Group, Inc.; In re Waterscape Resort, LLC*, *In re NY Thymes & Deli, Inc.*, *In re Cenveo, Inc. et al.*, *In re V.Capp Enterprises*, *In re Mirant Corporation et al*, *In re Tarragon Corporation, et al*, and *In re Park South Securities, LLC, et al.*, *In re 21st Century Oncology, LLC,* to name only a few. The Firm actively serves as counsel to debtors-in-possession, creditors, trustees, and other parties-in-interest in chapter 11 cases in this and other districts.

7.  In preparing for its representation of the Debtor in this chapter 11 case, the Firm has become familiar with the Debtor's business and many of the potential legal issues that may arise in the context of its chapter 11 case. The Debtor believes that the Firm is both well qualified and able to represent the Debtor in this chapter 11 case in a most efficient and timely manner.

8.  The employment of the Firm is appropriate and necessary to enable the Debtor to execute faithfully its duties as a debtor-in-possession and to implement the restructuring and reorganization of the Debtor.

9.  Subject to further order of this Court, it is proposed that the Firm be employed to:

    (a) take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the

{00076033 3}    4

        Debtor is involved and the preparation of objections to claims filed against the Debtor's estate;

(b)    prepare on behalf of the Debtor, as debtor-in-possession, all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtor's estate;

(c)    negotiate and prepare on behalf of the Debtor a plan of reorganization and all related documents; and

(d)    perform all other necessary legal services in connection with the prosecution of this chapter 11 case.

10.    It is necessary for the Debtor to employ attorneys under a general retainer to render the foregoing professional services.

11.    The Firm has stated its desire and willingness to act in these cases and render the necessary professional services as attorneys for the Debtor. As set forth in the accompanying Declaration of Eric S. Medina in support of this Application annexed hereto as **Exhibit "A,"** (the "Declaration"), except as stated therein, no member, employee or attorney associated with the Firm or on a contractor basis with the Firm, has any connection with or any interest adverse to the Debtor, its creditors or any other party in interest, or their respective attorneys and accountants.

12.    Per the terms of the Engagement Agreement,[1] prior to the Petition Date, the Firm received retainer payments totaling $38,730.00, of which $23,209.24 was exhausted prior to the commencement of the Debtor's bankruptcy case. As further stated in the Engagement Agreement, the retainer is the earned upon receipt by the Firm. As such, at commencement on the Petition Date, the Debtor was not indebted to the Firm on account of professional services rendered prior to the Petition Date. The Firm will apply the balance of retainer funds towards the

---

[1] A copy of which is Annexed to the Declaration of Eric S. Medina accompanying this Application.

{00076033 3}        5

Firm's forthcoming post-petition fee and expense applications and following approval by the Bankruptcy Court thereof. A chart identifying the billing statements setting forth the professional services provided by the Firm to the Debtor and the expenses incurred by the Firm in addition to the advance payment retainers transferred by the Debtor to the Firm are set forth in the Medina Declaration.

13. The Debtor understands that Firm hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee for the Southern District of New York (the "Guidelines"), and further orders of the Court (the "Orders") for all services performed and expenses incurred after the Petition Date.

### IV.    WAIVER

14. The Debtor requests that the Court dispense with the requirement of Local Rule 9013-1(b) for a separate memorandum of law. This Application does not present a novel issue of law that would require consideration of any authorities other than those set forth herein.

### V.    NOTICE

15. The Debtor has served notice of this Application and accompanying documents upon each of the Debtor's creditors in this case and the United States Trustee.

16. The Debtor submits that no other or further notice need be provided.

17. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

**WHEREFORE**, the Debtor respectfully requests entry of an Order, substantially in the form submitted herewith, granting the relief requested herein and granting such other and further relief as is just or appropriate.

Dated: New York, New York
     November 20, 2019                         Respectfully submitted,

                                            By: */s/ Eric S. Medina*
                                                  Eric S. Medina, Esq.
                                                  MEDINA LAW FIRM LLC
                                                  641 Lexington Avenue
                                                  Thirteenth Floor
                                                  New York, NY 10022
                                                  Tel. (212) 404-1742
                                                  Fax (888) 833-9534
                                                  emedina@medinafirm.com
                                                  *Proposed Attorneys to JCV Group, LLC*