MEDINA LAW FIRM LLC
641 Lexington Avenue
Thirteenth Floor
New York, NY 10022
Tel. (212) 404-1742
Fax. (888) 833-9534
*Proposed Attorneys to JCV Group, LLC.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JCV GROUP, LLC,<br><br>Debtor-in-Possession | Case No. 19-13563-mg<br><br>Chapter 11 |

**DECLARATION IN SUPPORT OF RETENTION OF**
**MEDINA LAW FIRM LLC AS COUNSEL FOR DEBTOR *NUNC PRO TUNC***
**TO THE PETITION DATE**

I, **ERIC S. MEDINA, ESQ**.*,* pursuant to 28 U.S.C. §1746 declare as follows:

1. I am an attorney at law, duly qualified and licensed to practice before this Court. I am also member of the bar of the Supreme Court of the United States, the United States District Court for the Southern District of New York, the United States Tax Court, the Federal and State Bars of the States of New Jersey, New York and Florida.

2. I make this declaration ("Declaration") in support of the Debtor's Application to retain MEDINA LAW FIRM LLC as counsel to JCV Group, LLC ("JCV" or "Debtor") in the above captioned chapter 11 case *nunc pro tunc* to the Petition Date (the "Application").[1]  Unless otherwise stated, I have personal knowledge of the facts set forth herein and if required could and would testify competently hereto.

---

[1] Capitalized terms not otherwise herein defined have the meanings ascribed in the Application.

{00075830 2}                              1

3. I am the managing member of MEDINA LAW FIRM LLC (the "Firm") and am the attorney principally responsible for the oversight of the Debtor's case at my Firm. The Firm is comprised of attorneys and staff based primarily in New York, New York. The Firm practices primarily in the area of bankruptcy restructuring and creditors rights and complex commercial litigation in State and Federal Courts. In addition to serving a number of larger businesses and individuals, the Firm regularly acts as counsel to small and midsized businesses in the New York metropolitan area.

4. The Firm, its attorneys and counsel are experienced in matters of bankruptcy, insolvency, corporate reorganization and debtor/creditor law, intellectual property law, and in the representation of debtors, creditors, creditors' committees, and trustees in cases under the Bankruptcy Code. The Firm and its attorneys and staff are well qualified to represent debtors, creditors, creditors' committees and trustees in such matters.

5. Neither I, the Firm, nor its attorneys, counsel or staff, or present contractors represent or have any connection with any creditor or other party in interest in this case, their respective attorneys, accountants, the United States Trustee or any person employed in the Office of the United States Trustee.[2] I am not aware of facts that would lead me to conclude that the Firm is not a "disinterested person" as that term is defined by the Bankruptcy Code. I have read the foregoing underlying application and to the best of my knowledge all the facts stated therein

---

[2] In making this assessment, the Firm has taken into account its *Of-Counsel* relationship with Ann Marie Sinisi, Esq., who maintains an *Of-Counsel* relationship with the Firm and who is a law partner of John S. Pereira, Esq. Mr. Pereira is formerly a member of the panel of Chapter 7 Trustees in the Southern District of New York. Mr. Pereira's membership on the panel does not render the Firm not disinterested nor does it create adversity as between any party-in-interest in this proceeding.

{00075830 2 }    2

are true and correct. In making the foregoing assessment and statements, the Firm has conducted a search of its current and former client database.[3]

6. Prior to the Petition Date, the Firm rendered services to the Debtor in connection with its restructuring efforts and in preparation for this case. Prior to the Petition Date, for services rendered, the Firm received advance payment retainers in the aggregate amount of $38,730.00. Of this amount, $21,450.00 was expended in legal fees and $1,859.24 in costs, which is inclusive of the filing fee paid to the Clerk of Court in connection with commencement of this case. These funds were received from the Debtor.

| Transaction | Date | Amount Requested |
|---|---|---|
| Advance Payment | 10/24/19 | $10,000.00 |
| Statement of Services Rendered | 11/04/19 | $13,730.74 |
| Advance Payment from Debtor | 11/05/19 | $7,500 |
| Advance Payment on Debtor's Behalf[4] | | $21,380.00 |
| Statement of Services Rendered | 11/06/19 | $9,578.50 |

7. As of the Petition Date, the Firm held a positive earned retainer balance of $15,420.76 which the Firm will apply following the entry of an order allowing its first fee application by the Court.

8. Except as set forth herein, the Firm has not in the past represented nor does the Firm in the future plan to represent any related debtor or creditor of the Debtor or its principals.

---

[3] This search includes, pursuant to N.Y. DR 5-105, a search conducted by two attorneys with the Firm who maintain an *Of-Counsel* relationship with the Firm.

[4] Payment was made by David Maleh, the Debtor's CEO on behalf of the Debtor. Mr. Maleh has acknowledged that the Firm does not represent him and only represents the Debtor and has further embodied such acknowledgment in a Declaration incorporating the dictates of *In re Lar Dan,* 221 B.R. 93 (Bankr. S.D.N.Y. 1998)

{00075830 2 }    3

9.  A schedule of the current hourly billing rates charged for the Firm's personnel is as follows:

| | |
|---|---|
| Eric S. Medina, Esq. | $585.00 per hour |
| John Pereira, Esq. | $585.00 per hour |
| Ann Marie Sinisi, Esq. | $550.00 per hour |
| Paraprofessionals | $150.00 per hour |
| Law Clerks | $100.00 per hour |

10.  A copy of the Firm's and the Debtor's engagement letter agreement is attached as **Schedule "1,"** hereto.

11.  The Firm has not shared or agreed to share compensation received from the Debtor with any other entity or person.

12.  The Firm's attorneys, counsel and staff are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the requirements of the United States Trustee and shall comply with them.

I affirm that foregoing is true and correct, I am aware that if any of the foregoing is willfully false, I am subject to punishment.

By:  */s/ Eric S. Medina*
Eric S. Medina, Esq.

Dated: November 20, 2019

# **SCHEDULE "1"**

# MEDINA LAW FIRM LLC

641 LEXINGTON AVENUE
THIRTEENTH FLOOR
NEW YORK, NY 10022
Telephone: (212)-404-1742
Facsimile: (888)-833-9534

A Limited Liability Company
www.medinafirm.com

1 Park Street
Suite 3
Harrington Park, NJ 07640
Telephone: (201)-255-5900
Facsimile: (888)-833-9534

Writer's Email:
emedina@medinafirm.com

Eric S. Medina, Esq.º

ºMember NY, NJ & FL Bars

October 8, 2019

**VIA ELECTRONIC MAIL DELIVERY ONLY**
JCV Group, LLC
c/o Mr. David Maleh
65 West 37th Street
Suite 300
New York, New York 10018

Re:   Restructuring Advice: JCV Group LLC

Dear David:

We are pleased that you wish to engage MEDINA LAW FIRM LLC (the "Firm") to represent JCV Group LLC d/b/a JCV Brands (referred to as, "Client") in connection with its restructuring and possible chapter 11 bankruptcy proceedings. This letter is intended to set forth our understanding as to the nature and scope of the legal services we have agreed to render for the Client, amount of our fees for these services, the manner in which our fees for these services will be determined and the terms upon which the Client will make payment of these fees and any costs advanced on the Client's behalf.

A.   Scope of Engagement.

The Firm shall proceed to represent the Client in connection with restructuring advice contemplating, as necessary, a voluntary petition under Chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for the Southern District of New York and in all of its financial affairs relative to its debt restructuring (the "Engagement"). This representation is limited to the Client and does not include representation of any officers, shareholders, directors or individual guarantors. Nor does the scope of this Engagement include representation of the Client in any other proceedings or subsequently filed litigation, unless covered by a separately executed engagement letter.

{00075066 }

MEDINA LAW FIRM LLC
October 8, 2019
Page 2

B.     Fees.

We have agreed to undertake the Engagement based upon an initial retainer of $17,500.00 ("Retainer") to be paid upon execution of this engagement letter. The Retainer is designed to reserve our time for services in connection with this matter. The aforesaid retainer shall be deemed "earned" upon receipt and applied at our then existing standard hourly billing rates. Hourly rates are currently as follows:

| | |
|---|---|
| Eric S. Medina, Esq. | $585.00 per hour |
| John Pereira, Esq. | $585.00 per hour |
| Ann Marie Sinisi, Esq. | $550.00 per hour |
| Paraprofessionals | $150.00 per hour |
| LawClerks | $100.00 per hour |

Client understands that, on a case by case basis, the Firm may engage other attorneys working with the Firm on an as needed basis. Our hourly rates are generally adjusted on or about January 1 of each year. You understand that you will be charged at whatever hourly rate is in effect at the time of the service. You also understand that it is impossible to determine the total amount of attorney's fees at this time. In connection with the Engagement, the Retainer is calculated to cover initial preparation of papers and pleadings; however it is anticipated that additional retainer funds will be paid by Client prior to commencing a voluntary bankruptcy petition to the Firm such that Firm shall hold a $25,000 retainer upon commencement.

C.     Costs.

In connection with our representation of the Client, we anticipate that certain expenses will be incurred in advance on the Client's behalf. These expenses include, but are not limited to, filing fees of $1,213.00, recording costs, delivery charges, telecopy charges, photocopies, special postage, computer research charges, court reporter expenses (including cost of transcripts and court reporter fees for attendance), court costs (such as filing fees, service of process, newspaper publication, subpoena costs, witness fees and recordings) and appraisal fees, fees and expenses of experts necessary to assist in the preparation and hearing of the case and investigative costs. In addition to our fees for legal services, the Client agrees to pay us for such out of pocket expenditures.

It is anticipated that during the course of our representation, it will be necessary to engage the services of third party vendors to complete certain large copy, publication and mailing requirements. The Client agrees either to undertake these costs directly from the vendor, or provide the Firm with advance payment of these costs.

{00075066 }

Medina Law Firm LLC
October 8, 2019
Page 3

D.  Payment of Fees and Costs.

Unless the Firm and the Client reach another agreement, in writing, regarding payment of fees and costs, the Client understands that non-payment of any invoice for fees and costs which is rendered to the Client in accordance with the terms of this letter will constitute a default by the Client and we may, in our sole and absolute discretion (subject to court approval, if necessary) cease to provide further legal services to you, and will seek to withdraw from any formal representation of the Client in any pending legal action. The Client will, however, be liable to us for the payment of any fees earned and any costs incurred by us up to that time. Client further agrees that to the extent that the Firm is forced to take legal action to collect any outstanding fees or costs owed to the Firm, that the Firm will be entitled to reasonable attorney's fees and costs therefore, in addition to reasonable rate of interest as set forth for the calculation of interest against judgments in New York.

The Client understands that we have the right to retain any and all files, papers and other property coming into our possession in connection with our Engagement without any liability to you until we have been paid all costs, fees and interest due us under this Agreement. The Client also agrees to the imposition of a charging lien for any money due us on all real and personal property that is preserved, protected, or obtained as the result of the representation undertaken herein.

E.  Acknowledgment of Advises.

While this paragraph is certainly not totally inclusive, this will acknowledge the fact that the following matters have been discussed and explained to the Client: the duties and obligations of a Debtor-in-Possession; the effect and imposition of the bankruptcy automatic stay upon the filing of a Chapter 11 petition; the strict prohibition against paying pre-petition unsecured creditors; the ability to reject or assume unexpired lease obligations and executory contracts, and the corresponding claims resulting therefrom; any and all potential preference liability issues concerning salaries and pre-petition management fees; insider transactions; use of cash collateral; "ordinary course" business transactions; court approval for sales of property out of the ordinary course of business; adequate protection; post-petition financing; the post-petition exclusivity period for the Debtor to file its Plan of Reorganization or 180 days as the applicable in the event the Debtor's case is a small business debtor case and the Court's discretion to reduce or lengthen said time period; the ability of creditors and parties in interest to file competing Plans of Reorganization upon the expiration of the Debtor's exclusive period; issues regarding classification, cram-down and the absolute priority rule/new value exception; the general requirements for confirming a Plan of Reorganization; the ability of creditors and parties in interest to file a Motion to Dismiss or Convert to a Chapter 7 liquidation or to appoint an Examiner or Trustee to operate the Business.

MEDINA LAW FIRM LLC
October 8, 2019
Page 4

F.  Disclaimer of Guarantees.

You acknowledge that we have not made any guarantees regarding the outcome of our representation, and any expressions relative to it are only our opinion as attorneys. The scope of our engagement is limited to that which is set forth under paragraph (B) above. We will not render any opinions or give advice in regard to the law of any jurisdiction other than the state of New York and Federal Law.

G.  Future Cooperation.

In order to most effectively represent the Client, we will need the Client's future cooperation in responding accurately and within a reasonable period of time to any and all of our inquiries, including with regard to information in connection with the preparation and filing of the Chapter 11 Statement of Financial Affairs and Schedules, and any other information we will need on a going forward basis. Client warrants that in all communications with the Firm the information provided shall be truthful and is the by-product of the Client's good faith effort to ascertain the truthfulness of all information.

If this agreement is acceptable, please execute where indicated, and return it to this office with a check or by wire representing the Retainer.

Once again, we look forward to working with you. I hope that you will let me know if at any time you feel that the services the Firm is rendering or the manner or promptness with which the Firm responds to your requests for service, can be improved. On behalf of MEDINA LAW FIRM LLC, I would like to sincerely thank you for allowing us to serve JCV Group LLC.

Very truly yours,

MEDINA LAW FIRM LLC

_____
Eric S. Medina, Esq.


**AGREED AND ACCEPTED BY JCV Group LLC**


By: *david maleh*
_____
Mr. David Maleh
Authorized Agent

Dated: 10/10/19